[No. 14510.   Department One.   June 18, 1918.]

D. H. Moss, *Respondent*, v. GEORGE RUBISON *et al.,*
*Appellants.*[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS—FINDINGS EM-
BODIED IN ORDER.   It is not necessary to except to findings of the
court mingled with the recitals of the decree, in view of Rem. Code,
§ 382, which provides that it is not necessary to except to any
ruling or decision which is embodied in a written judgment or order.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered March 3, 1917, in
favor of the plaintiff, in an action on promissory notes,
tried to the court.   Affirmed.

*James T. Lawler,* for appellants.

*Hughes, McMicken, Ramsey & Rupp* and *John P.*
*Garvin,* for respondent.

MITCHELL, J.—Respondent, plaintiff, sues on four
promissory notes given by appellant George Rubison,
on different dates, on account of money loaned by re-
spondent.

It is alleged that, at the time of giving the first note
and as a part of the same transaction, George Rubison
indorsed in blank and delivered to respondent as col-
lateral two promissory notes executed and delivered
by one John W. Considine to C. K. Poe and by the
latter indorsed in blank, without recourse, and de-
livered to George Rubison.   It is also alleged that, at
the time of the making and delivery of each of the three
subsequent notes sued on, the two Considine notes were
further pledged as collateral thereto.   It is alleged
that, upon maturity of that one of the Considine notes
first falling due, respondent brought suit on it in the
name of George Rubison, by his consent, and recovered

[1]Reported in 173 Pac. 625.

judgment against Considine, which judgment, still un-
satisfied, was duly assigned by George Rubison to re-
spondent as collateral in lieu of the note upon which
the judgment was obtained; that none of the notes sued
on has been paid and all are past due; that George
and Mollie Rubison are husband and wife and, together
with the other appellant, claim some interest, alleged to
be subordinate, in and to the judgment on the Consi-
dine note, and also the other Considine note now held
by respondent as collateral. Judgment is demanded
against George and Mollie Rubison, as husband and
wife, on the four notes given by George Rubison, and
also foreclosing the lien or pledge as to the judgment
and remaining note given by Considine as against all of
the appellants.

Appellants admit the notes sued on and deny that
the Considine note, other than the one put in judgment,
was pledged, and allege that both notes were placed
with the bank, of which respondent was an officer, for
collection only; and also allege that both notes were,
within the knowledge of respondent, the notes of the
minor for whose benefit they were given by Considine.
There was a trial without a jury, and judgment given
as demanded in favor of respondent.

Respondent moves that the statement of facts be
stricken and the judgment affirmed on the ground that
no exceptions were taken to any of the court's findings.
There were no formal findings separately stated and
numbered, and what respondent contends are findings
consist of certain matter commingled with the recitals
of the decree and following the words, "It is by the
court hereby considered, ordered, adjudged and de-
creed," which constitute the introductory words of the
decree. In such case no exception is necessary, be-
cause of the provision of § 382, Rem. Code, to the ef-
fect that it shall not be necessary or proper to take or

enter an exception to any ruling or decision which is embodied in a written judgment, order, etc. The statement of facts will not be stricken.

. George and Mollie Rubison are husband and wife. The other appellant is the minor child of George Rubison. On account of a liability, the right of action for which is given the father by §§ 185 and 186 of Rem. Code, George Rubison, with the assistance of his lawyer, C. K. Poe, made a settlement with Considine which included two notes, one for $2,500, the other, $5,000, made by Considine to C. K. Poe. These two notes were indorsed in blank, without recourse, and delivered by the payee to George Rubison, who first placed them with the First National Bank, of which respondent is an officer, for collection. Later on, George Rubison on four different occasions borrowed money from respondent, giving his notes therefor, the same being the notes sued on in this action. Respondent's evidence shows that the two Considine notes were pledged as collateral, and that, at the time George Rubison gave his first note, there were indorsed upon it, prior to its being signed, the words: "Notes of John Considine for $7,500 pledged as collateral," and that similar words were written on each of the two subsequent notes at and prior to being signed by George Rubison, but that no such words were written on the other of the notes because of oversight, though understood it was to be supported by the same collateral. At the time of giving the third note, the minor indorsed the $2,500 Considine note, but was not asked to indorse the other. George Rubison's testimony is to the effect that there was no indorsement on any of his notes as to the pledging of the Considine notes as collateral at the time of his signing, and that only the $2,500 Considine note was pledged. There is positive testimony of a disinterested witness, who prepared the first of the Rubison notes,

that both Considine notes were pledged and a statement to that effect written on the Rubison note before he signed it. All four of the notes sued on were given before the maturity of either of the Considine notes. The first one of the Considine notes to fall due was the $2,500 one, and not being paid, it was put in judgment in favor of George Rubison, who assigned the judgment to respondent.

Appellants ask no relief except as to the $5,000 Considine note, claiming it was not pledged and that the note was the property of the minor. Under §§ 185 and 186, Rem. Code, as already noticed, the cause of action was in the father, and while there is a dispute as to whether or not the notes were pledged, there is ample proof to sustain that view, independent of and not inconsistent with the fact that the minor indorsed one of them.

Thus it appears that this cause depends largely upon questions of fact; and following the rule enjoined by statute, bearing in mind the respect accorded the expressed opinion of the trial court thereon, we have carefully examined the evidence and find that by a preponderance it supports the judgment, which is hereby affirmed.

Main, C. J., Fullerton, Parker, and Tolman, JJ., concur.